MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAIRO ESPINOZA, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **FIRST AMENDED** |
|  | **COMPLAINT** |
| -against- |  |
|  | **17-CV-07995-GBD** |
| BROADWAY PIZZA & RESTAURANT CORP. (d/b/a BROADWAY PIZZA), MOHAMMED ELHASSANI, RACHID BOURASS and HAKIM CHANTIT, |  |
| *Defendants.* |  |

-------------------------------------------------------X

     Plaintiff Jairo Espinoza ("Plaintiff Espinoza" or "Mr. Espinoza"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Broadway Pizza & Restaurant Corp. (d/b/a Broadway Pizza) ("Defendant Corporation"), Mohammed Elhassani, Rachid Bourass and Hakim Chantit (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

     1.     Plaintiff Espinoza is a former employee of Defendants Broadway Pizza & Restaurant Corp. (d/b/a Broadway Pizza), Mohammed Elhassani, Rachid Bourass and Hakim Chantit.

     2.     Broadway Pizza is a Pizzeria owned by Mohammed Elhassani, Rachid Bourass and, upon information and belief, Hakim Chantit located at 2709 Broadway, New York, New York 10025.

3.     Upon information and belief, Defendants Mohammed Elhassani, Rachid Bourass and, upon information and belief, Hakim Chantit serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the restaurant.

4.     Plaintiff Espinoza is a former employee of Defendants.

5.     Plaintiff Espinoza was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning the drainage, dishwashing, preparing the pizza dough, cooking and baking pastas, cleaning the restaurant,  the bathroom, the refrigerators, windows and the outside of the restaurant, folding card boxes for deliveries, preparing food stations, stocking food in the basement, bringing food from the basement to the restaurant, cooking, , cutting vegetables, serving customers, cutting  fruits, taking out the trash sweeping and mopping and deconstructing and tying boxes (hereinafter, "non-delivery, non-tip duties").

6.     Plaintiff Espinoza regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Espinoza appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Espinoza the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Espinoza as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     Regardless of his duties, Defendants paid Plaintiff Espinoza and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Espinoza's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Espinoza's actual duties in payroll records to avoid paying Plaintiff Espinoza at the minimum wage rate, and to enable them to pay Plaintiff Espinoza at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Espinoza to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Espinoza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Espinoza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Espinoza's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Espinoza was employed by Defendants in this district.

## PARTIES

### *Plaintiff Jairo Espinoza*

19.     Plaintiff Espinoza is an adult individual residing in Bronx County, New York.

20.     Plaintiff Espinoza was employed by Defendants from approximately March 2012 until on or about September 27, 2017.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Espinoza consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants own, operate, and/or control a pizzeria located at 2709 Broadway, New York, New York 10025 under the name "Broadway Pizza".

23.     Upon information and belief, Broadway Pizza & Restaurant Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2709 Broadway, New York, New York 10025.

24.     Defendant Mohammed Elhassani is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mohammed Elhassani is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation. Defendant Mohammed Elhassani possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. Defendant Mohammed Elhassani determined the wages and compensation of the employees of Defendants, including Plaintiff Espinoza, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

25.     Defendant Rachid Bourass is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rachid Bourass is

sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation. Defendant Rachid Bourass possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. Defendant Rachid Bourass determined the wages and compensation of the employees of Defendants, including Plaintiff Espinoza, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26.    Upon information and belief, Defendant Hakim Chantit is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Hakim Chantit is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation. Defendant Hakim Chantit possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. Defendant Hakim Chantit determined the wages and compensation of the employees of Defendants, including Plaintiff Espinoza, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

27.    Defendants operate a Pizzeria located at 2709 Broadway, New York, New York 10025.

28.    Individual Defendants Mohammed Elhassani, Rachid Bourass and, upon information and belief, Hakim Chantit possess operational control over defendant Corporation,

possess an ownership interest in defendant Corporation, and control significant functions of defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Espinoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Espinoza, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Espinoza, and all similarly situated individuals, and are Plaintiff Espinoza's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Espinoza and/or similarly situated individuals.

33.     Upon information and belief, individual defendants Mohammed Elhassani, Rachid Bourass and Hakim Chantit  operate defendant Corporation as either an alter ego of themselves and/or fail to operate defendant Corporation as a legal entity separate and apart from themselves by, among other things:

        (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with defendant Corporation;

(g)    diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiff Espinoza's employers within the meaning of the FLSA and NYLL.

35.    Defendants had the power to hire and fire Plaintiff Espinoza, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Espinoza's services.

36.    In each year from 2012 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

Pizzeria on a daily basis, such as eggplant and tomato, were produced outside of the State of New York.

*Individual Plaintiff*

38.    Plaintiff Espinoza is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

39.    Plaintiff Espinoza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jairo Espinoza*

46.    Plaintiff Espinoza was employed by Defendants from approximately March 2012 until on or about September 27, 2017.

47.    At all relevant times, Plaintiff Espinoza was ostensibly employed by Defendants as a delivery worker.

48.    However, Plaintiff Espinoza spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

49.    Plaintiff Espinoza regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

50.     Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

51.    Throughout his employment with Defendants, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

52.    From approximately March 2012 until on or about September 27, 2017, Plaintiff Espinoza worked from approximately 9:00 a.m. until on or about 9:00 p.m. three days a week and from approximately 9:00 a.m. until on or about 9:30 p.m. three days a week (typically 73.5 hours per week).

53.    Throughout his employment with Defendants, Plaintiff Espinoza was paid his wages in cash.

54.    From approximately March 2012 until on or about April 2017, defendants paid Plaintiff Espinoza a fixed salary of $400 per week.

55.    From approximately April 2017 until on or about September 27, 2017, defendants paid Plaintiff Espinoza a fixed salary of $450 per week.

56.    Plaintiff Espinoza was never notified by Defendants that his tips would be included as an offset for wages.

57.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Espinoza's wages.

58.    Defendants did not provide Plaintiff Espinoza with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59.    Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

60.    Defendants never provided Plaintiff Espinoza with a written notice, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espinoza regarding overtime and wages under the FLSA and NYLL.

62.     Defendants required Plaintiff Espinoza to purchase "tools of the trade" with his own funds—including a lock for the restaurant's basement.

*Defendants' General Employment Practices*

63.     Defendants regularly required Plaintiff Espinoza to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay, and overtime compensation.

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

65.     Defendants paid Plaintiff Espinoza a fixed weekly salary regardless of the number of hours he worked each week.

66.     Plaintiff Espinoza was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67.     Defendants habitually required Plaintiff Espinoza to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

68.     At no time did Defendants inform their employees, including Plaintiff Espinoza, that they had reduced their hourly wages by a tip allowance.

69.    Defendants failed to inform Plaintiff Espinoza that his tips would be credited towards the payment of the minimum wage.

70.    Defendants failed to maintain a record of tips earned by Plaintiff Espinoza for the deliveries he made to customers.

71.    Defendants required all delivery workers, including Plaintiff Espinoza, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

72.    Plaintiff Espinoza, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

73.    Plaintiff Espinoza and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants.

74.    However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff Espinoza's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

75.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

76.    Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee's time if that time is devoted to a non-tipped occupation.

77.    The delivery workers', including Plaintiff Espinoza's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general pizzeria work with duties, including the non-tipped duties described above.

78.    In violation of federal and state law as codified above, Defendants classified Plaintiff Espinoza and other delivery workers as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.    Plaintiff Espinoza was paid his wages entirely in cash.

80.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

81.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Espinoza, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

82.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Espinoza, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Espinoza's, relative lack of sophistication in wage and hour laws.

83.    Defendants failed to provide Plaintiff Espinoza and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Espinoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiff Espinoza brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

86.     At all relevant times, Plaintiff Espinoza, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

87.     The claims of Plaintiff Espinoza stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

88.     Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Espinoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

90.     Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

93.     Defendants failed to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA OVERTIME PROVISIONS

96.     Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants were Plaintiff Espinoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

100.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101.     Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.      Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

101.     Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

102.     At all times relevant to this action, Defendants were Plaintiff Espinoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

103.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Espinoza (and the FLSA Class members) less than the minimum wage.

104.     Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Espinoza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK STATE LABOR LAW

106.    Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Espinoza overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108.    Defendants' failure to pay Plaintiff Espinoza overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiff Espinoza was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMISSIONER OF LABOR

110.    Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

111.    Defendants failed to pay Plaintiff Espinoza one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Espinoza's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the

18

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

112.   Defendants' failure to pay Plaintiff Espinoza an additional hour's pay for each day Plaintiff Espinoza's  spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113.   Plaintiff Espinoza was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

114.   Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

115.   Defendants failed to provide Plaintiff Espinoza with a written notice, in English and in Spanish (Plaintiff Espinoza's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116.   Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

117.   Plaintiff Espinoza repeats and re-alleges all paragraphs above as though set forth fully herein.

118.   Defendants did not provide Plaintiff Espinoza with a statement of wages with

each payment of wages, as required by NYLL 195(3).

119.    Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

120.    Plaintiff Espinoza repeats and re-alleges all paragraphs above as though set forth fully herein.

121.    Defendants required Plaintiff Espinoza to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Espinoza was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Espinoza respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Espinoza's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Espinoza and the FLSA class members;

(f)    Awarding Plaintiff Espinoza and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Espinoza and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza  and the FLSA Class members;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza and the FLSA Class members;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Espinoza and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Espinoza's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Espinoza and the FLSA Class members;

(m)     Awarding Plaintiff Espinoza  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Espinoza  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Espinoza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Espinoza damages for Defendants' failure to pay him in a timely fashion, as required by NYLL § 191;

(q)     Awarding Plaintiff Espinoza and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Espinoza and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)        All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Espinoza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      June 20th, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     (212) 317-1200
     *Attorneys for Plaintiff*