UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

JAIRO ESPINOZA, *individually and on behalf of others similarly situated*,

                     Plaintiff,

     -against-

BROADWAY PIZZA & RESTAURANT CORP., *individually d/b/a BROADWAY PIZZA*, LITTLE WEST INC., *individually d/b/a BROADWAY PIZZA*, MOHAMMED ELHASSANI, ALI TIZINI (A.K.A. ABDOUL TEZINI), and MOKHTAR C. CHANTIT,

                     Defendants.

MEMORANDUM DECISION
AND ORDER

17 Civ. 7995 (GBD) (KHP)

------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Jairo Espinoza brings this action against Defendants Broadway Pizza & Restaurant Corp., Little West Inc., Mohammed Elhassani, Ali Tizini, and Mokhtar C. Chantit seeking unpaid minimum wage and overtime wages, spread of hours pay, liquidated damages, damages for failure to provide wage notice and wage statements, prejudgment interest, damages for costs of the tools of trade, and attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Second Amended Complaint ("SAC"), ECF No. 71, at 4.) Plaintiff was employed in Defendants Broadway Pizza & Restaurant Corp. and Little West Inc., which are owned by Defendants Mohammad Elhassani, Ali Tizini, and Moktar C. Chantit. (*Id.* at 2.) Plaintiff alleges that while he was employed by Defendants, he did not receive adequate minimum wage, overtime compensation, or the spread of hours pay for days where he worked over

10 hours. (*Id.* at 3.) Plaintiff also alleges that he was paid at a rate that was lower than the required tip-credit rate. (*Id.*)

Defendants failed to answer, appear, or otherwise file a motion with respect to the Second Amended Complaint. Accordingly, Plaintiff moved for default judgment against Defendants on March 13, 2021. (Proposed Def. J., ECF No. 168, at 1-2.) This Court granted Plaintiff's motion and referred the matter to Magistrate Judge Katharine H. Parker for an inquest on damages. (Order, ECF. No. 169, at 1-2.)

Before this Court is Magistrate Judge Parker's November 18, 2021 Report and Recommendation (the "Report"),[1] recommending that this Court award Plaintiff: (1) $162,610.58 in compensatory damages (comprised of $460.00 in unpaid regular wages, $147,546.58 in overtime wages, and $14,604.00 in spread of hours pay), (2) $162,610.58 in liquidated damages, (3) $40.00 in tools of the trade damages, (4) $10,000 in statutory damages (comprised of $5,000.00 in wage notices and $5,000.00 in wage statements), (5) prejudgment interest at a rate of 9% on compensatory damages (unpaid regular wages, overtime wages, and spread of hours wages) per year as applied from December 13, 2014 to the date of entry of judgment, (6) post-judgment interest, calculated from the date the Clerk of Court enters judgment in this action until the date of payment, pursuant to 28 U.S.C. § 1961, (7) $10,070.00 in attorneys' fees, and (8) $917.60 in costs. (Report, ECF No. 177, at 23-4, 32-3.) Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 33.) No objections were filed. Having reviewed Magistrate Judge Parker's Report for clear error, this Court ADOPTS the Report in full.

---

[1] The procedural and factual background is set forth in extensive detail in the Report and is incorporated by reference herein.

2

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Parker conducted a comprehensive and careful inquest. This Court finds no error, clear or otherwise in the Report's analysis. Accordingly, this Court adopts Magistrate Judge Parker's recommended judgment regarding damages, prejudgment and post-judgment interests, attorneys' fees, and costs for the reasons stated in the Report.

## I.  CONCLUSION

Magistrate Judge Parker's Report is ADOPTED in its entirety. Final judgment shall be entered ordering Defendants to pay Plaintiff: (1) $162,610.58 in compensatory damages, (2) $162,610.58 in liquidated damages, (3) $40.00 in tools of the trade damages, (4) $10,000 in statutory damages, (5) prejudgment interest at a rate of 9% on $162.610.58 per year as applied from December 13, 2014 to the date of entry of judgment, (6) post-judgment interest, calculated from the date the Clerk of Court enters judgment in this action until the date of payment, pursuant to 28 U.S.C. § 1961, (7) $10,070.00 in attorneys' fees, and (8) $917.60 in costs.

Dated: New York, New York
  March 31, 2022

SO ORDERED.

*George B. Daniels* (signature)
GEORGE B. DANIELS
United States District Judge